UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

**FILED**
ASHEVILLE, N. C.
DEC 5 2000
U.S. DISTRICT COURT
W. DIST. OF N. C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 2: 00 CR 90-T |
| | ) | |
| V. | ) | **BILL OF INDICTMENT** |
| | ) | |
| MICHAEL WAYNE BILLS | ) | |
| KRISTIE ELAINE WARD | ) | Violations: |
| | ) | 21 USC 841 (a)(1) |
| | | 21 USC 846 |
| | | 18 USC 924 (c) |
| | | 18 USC 2 |

COUNT ONE

From on or about November 6, 2000, in Swain County, which is within the Western District of North Carolina,

MICHAEL WAYNE BILLS
KRISTIE ELAINE WARD

did knowingly, willfully and intentionally possess Pseudoephedrine and Ethyl Ether, listed chemicals as defined in Title 21, United States Code, Section 802, with the intent to manufacture methamphetamine, a Schedule II controlled substance, in a manner other than authorized by Title 21, United States Code, Sections 801 through 904, and did aid and abet each other.

1. Said offense involved 50 grams or more of a substance containing a detectable amount of methamphetamine.

All in violation of Title 21, United States Code, Section 841 (d)(1) and Title 18 United States Code Section 2.

COUNT TWO

From in or around November 2000, in Swain County, which is within the Western District of North Carolina,

MICHAEL WAYNE BILLS
KRISTIE ELAINE WARD

A True Copy, Teste:
Frank G. Johns, Clerk
By: [signature]
Deputy Clerk

did knowingly, willfully and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, possess Pseudoephedrine and Ethyl Ether, listed chemicals as defined in Title 21, United States Code, Section 802, with the intent to manufacture methamphetamine, a Schedule II controlled substance, in a manner other than authorized by Title 21, United States Code, Sections 801 through 904.

1. Said conspiracy involved more than 50 grams of methamphetamine.

In violation of Title 21, United States Code, Sections 846 and 841 (a)(1).

### COUNT THREE

From in or about November 2000, in Swain County, which is within the Western District of North Carolina, and elsewhere,

**MICHAEL WAYNE BILLS**
**KRISTIE ELAINE WARD**

did knowingly, willfully and unlawfully combine, comspire, confederate and agree with each other, and others, both known and unknown to the Grand Jury, to manufacture, a quantity of methamphetamine, a Schedule II controlled substance.

1. Said conspiracy involved more than 50 grams of methamphetamine.

In violation of Title 21, United States Code, Sections 846 and 841 (a)(1).

### COUNT FOUR

On or about November 6, 2000, in Swain County, which is within the Western District of North Carolina,

**MICHAEL WAYNE BILLS**

did carry a firearm during and in relation to a drug trafficking crime, to wit: possession with intent to manufacture methamphetamine, for which the defendant may be prosecuted in a court of the United States, and did knowingly posses in furtherance of such crime, a firearm, that is, a .38 caliber Interarms.

In violation of Title 18, United States Code, Section 924 (c)(1)(A)(iii).

Bills & Ward Indictment, cont.

A TRUE BILL:

_Sarah B. Gilbert_
GRAND JURY FOREMAN

MARK T. CALLOWAY
UNITED STATES ATTORNEY

JILL WESTMORELAND ROSE
ASSISTANT U.S. ATTORNEY

# United States District Court
## Western District of North Carolina

UNITED STATES OF AMERICA

v.

KRISTIE ELAINE WARD

FILED
2001 OCT -9 PM 2:10
[court stamp] N.C.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 2:00cr90-2

Phillip J. Roth, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s) 1.
_  Pleaded nolo contendere to count(s) which was accepted by the court.
_  Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 21 USC 841(d)(1); 18 USC 2 | Possession of Pseudoephedrine & Ethyl Ether w/intent to manufacture methamphetamine, Sch. II; aid & abet | 11/6/00 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_  The defendant has been found not guilty on count(s) .
X  Count(s) 2 & 3 (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 7/14/72

Defendant's USM No.: 16698-058

Defendant's Mailing Address:
1433 County Road 380
Valley, Alabama  36854

Date of Imposition of Sentence: 10/9/01

Signature of Judicial Officer

Lacy H. Thornburg
United States District Judge

Date: 10-9-01

A True Copy, Teste:
Frank G. Johns, Clerk
By: Sharon Wilson
Deputy Clerk

DOCUMENT
SCANNED

3

Defendant: KRISTIE ELAINE WARD
Case Number: 2:00cr90-2

Judgment-Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 26 Months.

__X__ The Court makes the following recommendations to the Bureau of Prisons:
The Court calls to the attention of the custodial authorities that defendant has an extensive history of substance abuse & recommends defendant be allowed to participate in any available substance abuse treatment programs while incarcerated pursuant to 18 USC 3621(e)(2). Further, it called to the attention of the custodial authorities that defendant is 6 months pregnant and has previously experienced great difficulty with 3 prior pregnancies within 2-3 weeks following the 6 month period, and for that reason the Court requests an expedited designation placement to begin by placing her in an appropriate building facility in advance of the 2-3 week period which may become a problem. The Court calls to the attention of the custodial authorities that a health check 1 week ago indicated to the examining physician that at this time defendant's pregnancy condition appears to be normal.

__X__ The defendant is remanded to the custody of the United States Marshal. The United States Marshal may take whatever steps appropriate to expedite the designation of an appropriate facility.

__ The defendant shall surrender to the United States Marshal for this district:

  __ At ____ On ___.
  __ As notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  __ Before 2 pm on .
  __ As notified by the United States Marshal.
  __ As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

United States Marshal

By

Deputy Marshal

AO 245B (WDNC Rev. 2/01) Judgment in a Criminal Case
Case 3:05-cr-00272-MHT-CSC   Document 2-2   Filed 11/17/2005   Page 6 of 15
Case 2:00-cr-90   Document 36   Filed 10/09/200(   Page 3 of 6

Defendant: KRISTIE ELAINE WARD
Case Number: 2:00cr90-2

Judgment-Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 Years.

__ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the probation officer.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay restitution, fines or special assessments.

ADDITIONAL CONDITIONS: Defendant shall participate in a mental health treatment program as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant shall maintain use of all prescribed medications.

AO 245B (WD/NC Rev. 2/2010 Judgment in a Criminal Case
Case 3:05-cr-00372-MHT-CSC   Document 2-2   Filed 11/17/2005   Page 7 of 15
Case 2:00-cr-1 90   Document 36   Filed 10/09/200   Page 4 of 6

Defendant: KRISTIE ELAINE WARD
Case Number: 2:00cr90-2

Judgment-Page 4 of 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

Defendant shall reimburse the United States for court-appointed attorney fees.

### FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X     The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

X     The interest requirement is waived.

__     The interest requirement is modified as follows:

Defendant: KRISTIE ELAINE WARD
Case Number: 2:00cr90-2

Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  X  in full immediately; or

B  __  $ immediately, balance due (in accordance with C or D); or

C  __  Not later than ; or

D  __  In *(e.g., equal, weekly, monthly, quarterly)* installments of $ over a period of year(s) to commence days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__  The defendant shall pay the cost of prosecution.
__  The defendant shall pay the following court costs:
__  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 309 U.S. Courthouse, 100 Otis Street, Asheville, NC, 28801, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court or the probation officer.

This Judgment may contain an order or authorization providing for the Bureau of Prisons or a U.S. Probation Officer to establish an amount or a schedule of payments as to financial obligations imposed in this Judgment. Any such order or permission shall be subject to the ultimate authority of this Court over such a schedule and its implementation. *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

United States District Court for the Western District of North Carolina
Financial Responsibility Payment Ledger

### Account Name: Ward, Kristie Elaine
Case Number 2:00cr90-02

Present CAC: 0.00   Assessment: 100.00   Restitution: 0.00   Fine: 0.00   CAC: 1,390.49

| DATE | DESCRIPTION | RECEIVED | BALANCE DUE | FUND BALANCE | DISBURSED | TYPE |
|---|---|---|---|---|---|---|
| 1/14/2002 | R#20325 - bhm | 25.00 | 75.00 | | | ASMT |
| 4/19/2002 | R#21405 - bhm | 50.00 | 25.00 | | | ASMT |
| 5/10/2002 | R#21619 - bhm | 25.00 | 0.00 | | | ASMT |

A True Copy, Teste:
Frank G. Johns, Clerk
By: *[signature]*
Deputy Clerk

CLOSED

# U.S. District Court
## Western District of North Carolina (Bryson City)
## CRIMINAL DOCKET FOR CASE #: 2:00-cr-00090-2
### Internal Use Only

Case title: USA v. Bills  
Magistrate judge case number: 2:00-mj-00108

Date Filed: 12/05/2000

---

Assigned to: Lacy Thornburg

**Defendant**

**Kristie Elaine Ward** (2)  
*TERMINATED: 10/09/2001*

represented by **Philip J Roth**  
Marshall & Roth, PC  
P.O. Box 769  
Asheville, NC 28802  
828/281-2100  
Fax: 828/281-2120  
Email: pjroth@marshallroth.com  
*TERMINATED: 10/09/2001*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: CJA Appointment*

**Pending Counts**

21:841D=NM.F; 18:2 - NARCOTICS - MANUFACTURE; aid & abet  
(1)

**Disposition**

26 mos. imprisonment; 3 yrs. supervised release; $100 assessment; pay CACounsel fees

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

21:846=CM.F; 841(a)(1) - CONSPIRACY TO MANUFACTURE CONTROLLED SUBSTANCE  
(2-3)

**Disposition**

Dismissed on motion US Atty.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

**Disposition**

True Copy, Teste:  
G. Johns, Clerk  
By *[signature]*  
Deputy Clerk

None

**Plaintiff**

USA      represented by **Jill Westmoreland Rose**
United States Attorney
100 Otis Street
Asheville, NC 28801
828-271-4661
Fax: 828-271-4670
Email: jill.rose@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2000 | | ARREST of Kristie Elaine Ward [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | 1 | Complaint with Affidavit as to Kristie Elaine Ward [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | | Initial Appearance as to Kristie Elaine Ward held ; Detention Hearing set for 11:00 11/8/00 for Kristie Elaine Ward (Defendant informed of rights.) Judge: Cogburn Court Rptr: electronic [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | 2 | CJA 23 Affidavit as to Kristie Elaine Ward [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | 3 | Election of Counsel by defendant Kristie Elaine Ward signed by Judge Max O. Cogburn Jr. [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | | MOTION in open court by USA as to Kristie Elaine Ward for Detention [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | | ORAL ORDER as to Kristie Elaine Ward granting [0-0] oral motion for Detention as to Kristie Elaine Ward (1) ( Entered by Judge Max O. Cogburn Jr. ) [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | 4 | CJA 20 as to Kristie Elaine Ward : Appointment of Attorney Philip J. Roth [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/07/2000 | | NOTICE of Hearing as to Kristie Elaine Ward :, set Detention Hearing for 11:00 11/8/00 for Kristie Elaine Ward before Judge Max O. Cogburn Jr. [ 2:00-m -108 ] (emw) (Entered: 11/07/2000) |
| 11/08/2000 | | Detention Hearing as to Kristie Elaine Ward held Judge: Cogburn Court Rptr: electronic. Bond set at $10,000 Secured by signatures. Deft in custody until all conditions of bond have been met. [ 2:00-m -108 ] (emw) (Entered: 11/08/2000) |
| | | |

| | | |
|---|---|---|
| 11/08/2000 | 5 | Arrest WARRANT Returned Executed as to Kristie Elaine Ward on 11/7/00 [ 2:00-m -108 ] (emw) (Entered: 11/08/2000) |
| 11/08/2000 | 6 | ORDER Setting Conditions of Release as to Kristie Elaine Ward ( Signed by Judge Max O. Cogburn Jr. ) [ 2:00-m -108 ] (emw) (Entered: 11/08/2000) |
| 11/08/2000 | 7 | Secured By Signatures BOND entered by Kristie Elaine Ward in Amount $ 10,000 [ 2:00-m -108 ] (emw) (Entered: 11/08/2000) |
| 12/05/2000 | 9 | INDICTMENT as to Michael Wayne Bills (1) count(s) 1, 2-3, 4, Kristie Elaine Ward (2) count(s) 1, 2-3 (siw) (Entered: 12/10/2000) |
| 12/05/2000 | | **Added Government Attorney Jill Westmoreland Rose (siw) (Entered: 12/10/2000) |
| 12/15/2000 | 13 | WAIVER OF PERSONAL APPEARANCE at Arraignment and Entry of Plea of Not Guilty by Kristie Elaine Ward (siw) (Entered: 12/21/2000) |
| 12/15/2000 | 14 | Arraignment Order as to Kristie Elaine Ward setting Calendar Call for 9:31 1/30/01 for Kristie Elaine Ward ; ( Signed by Judge Max O. Cogburn Jr. ) (siw) (Entered: 12/21/2000) |
| 12/15/2000 | 15 | Standard Discovery Order as to Kristie Elaine Ward (siw) (Entered: 12/21/2000) |
| 12/15/2000 | | Deadline updated as to Kristie Elaine Ward, set Calendar Call for 9:31 1/30/01 for Kristie Elaine Ward before Judge Lacy H. Thornburg (siw) (Entered: 12/21/2000) |
| 12/21/2000 | | NOTICE of Hearing as to Kristie Elaine Ward :, set Calendar Call for 9:31 1/30/01 for Kristie Elaine Ward before Judge Lacy H. Thornburg (siw) (Entered: 12/21/2000) |
| 12/22/2000 | 16 | Standard Discovery Motion as to Kristie Elaine Ward (siw) (Entered: 12/27/2000) |
| 01/12/2001 | 19 | Rule 11 Inquiry by Kristie Elaine Ward (siw) (Entered: 01/16/2001) |
| 01/16/2001 | 20 | Plea Agreement as to Kristie Elaine Ward . (siw) Modified on 01/16/2001 (Entered: 01/16/2001) |
| 01/16/2001 | | **Reset last document number to 20 (siw) (Entered: 01/16/2001) |
| 01/16/2001 | | Deadline updated as to Kristie Elaine Ward, set Plea and Rule 11 hearing for 10:00 1/22/01 for Kristie Elaine Ward before Judge Max O. Cogburn Jr. (siw) (Entered: 01/16/2001) |
| 01/16/2001 | | NOTICE of Hearing as to Kristie Elaine Ward :, set Plea and Rule 11 hearing for 10:00 1/22/01 for Kristie Elaine Ward before Judge Max O. Cogburn Jr. (siw) (Entered: 01/16/2001) |
| 01/19/2001 | 22 | MOTION by Kristie Elaine Ward to Continue R. 11 hrg. on 1/22/01 referred to: Judge Lacy H. Thornburg (siw) (Entered: 01/22/2001) |
| 01/19/2001 | 23 | ORDER as to Kristie Elaine Ward granting [22-1] motion to Continue R. |

| | | |
|---|---|---|
| | | 11 hrg. on 1/22/01 as to Kristie Elaine Ward (2) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 01/22/2001) |
| 01/19/2001 | | Deadline updated as to Kristie Elaine Ward, Calendar Call for 9:31 4/9/01 for Kristie Elaine Ward before Judge Lacy H. Thornburg (siw) (Entered: 01/22/2001) |
| 02/12/2001 | | Deadline updated as to Kristie Elaine Ward, reset Plea and Rule 11 hearing for 9:30 2/16/01 for Kristie Elaine Ward before Judge Max O. Cogburn Jr. (siw) (Entered: 02/12/2001) |
| 02/12/2001 | | NOTICE of Hearing as to Kristie Elaine Ward :, reset Plea and Rule 11 hearing for 9:30 2/16/01 for Kristie Elaine Ward before Judge Max O. Cogburn Jr. (siw) (Entered: 02/12/2001) |
| 02/16/2001 | | PLEA entered by Kristie Elaine Ward . Court accepts plea. Guilty: Kristie Elaine Ward (2) count(s) 1 (Terminated motions: ) Judge: Cogburn Court Rptr: electronic (siw) (Entered: 02/20/2001) |
| 02/16/2001 | 29 | Entry and Acceptance of Guilty Plea by Kristie Elaine Ward approved by Judge Max O. Cogburn Jr. . (siw) (Entered: 02/20/2001) |
| 09/24/2001 | 33 | MOTION by USA as to Kristie Elaine Ward to Revoke Bond , and for warrant referred to: Judge Max O. Cogburn Jr. (siw) (Entered: 09/24/2001) |
| 09/24/2001 | 33 | ORDER as to Kristie Elaine Ward granting [33-2] motion for warrant as to Kristie Elaine Ward (2) ( Signed by Judge Max O. Cogburn Jr. ) (siw) (Entered: 09/24/2001) |
| 09/24/2001 | | Arrest WARRANT issued as to Kristie Elaine Ward (siw) (Entered: 09/24/2001) |
| 10/01/2001 | | ARREST of Kristie Elaine Ward (siw) Modified on 10/10/2001 (Entered: 10/09/2001) |
| 10/05/2001 | | Motion Hearing held as to Kristie Elaine Ward re: [33-1] motion to Revoke Bond Judge: Cogburn Court Rptr: electronic (siw) (Entered: 10/05/2001) |
| 10/05/2001 | | ORAL ORDER as to Kristie Elaine Ward granting [33-1] motion to Revoke Bond as to Kristie Elaine Ward (2) ( Entered by Judge Max O. Cogburn Jr. ) (siw) (Entered: 10/05/2001) |
| 10/05/2001 | | Deadline updated as to Kristie Elaine Ward, set Sentencing for 10:00 10/9/01 for Kristie Elaine Ward before Judge Lacy H. Thornburg (siw) (Entered: 10/05/2001) |
| 10/05/2001 | | NOTICE of Hearing as to Kristie Elaine Ward :, set Sentencing for 10:00 10/9/01 for Kristie Elaine Ward before Judge Lacy H. Thornburg (siw) (Entered: 10/05/2001) |
| 10/09/2001 | 34 | WAIVER of 35 day disclosure period for review of the presentence rpt., by Kristie Elaine Ward (siw) (Entered: 10/09/2001) |

| | | |
|---|---|---|
| 10/09/2001 | | Sentencing held Kristie Elaine Ward (2) count(s) 1 Judge: Thornburg Crt Rptr: Elise Evans (siw) (Entered: 10/09/2001) |
| 10/09/2001 | | MOTION in open court by Kristie Elaine Ward for downward departure pursuant to (siw) (Entered: 10/09/2001) |
| 10/09/2001 | | ORAL ORDER as to Kristie Elaine Ward denying [0-0] oral motion for downward departure pursuant to as to Kristie Elaine Ward (2) ( Entered by Judge Lacy H. Thornburg ) (siw) Modified on 10/09/2001 (Entered: 10/09/2001) |
| 10/09/2001 | | DISMISSAL of Count(s) on Government Motion as to Kristie Elaine Ward Terminated motions: Counts Dismissed: Kristie Elaine Ward (2) count(s) 2-3 (siw) (Entered: 10/09/2001) |
| 10/09/2001 | 35 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Kristie Elaine Ward (siw) Modified on 10/10/2001 (Entered: 10/09/2001) |
| 10/09/2001 | | **JS3 Closing Card for Kristie Elaine Ward (siw) (Entered: 10/09/2001) |
| 10/09/2001 | | **Termination of party Kristie Elaine Ward pending deadlines and pending motions as to Kristie Elaine Ward (siw) (Entered: 10/09/2001) |
| 10/09/2001 | 36 | JUDGMENT Kristie Elaine Ward (2) count(s) 1. 26 mos. imprisonment; 3 yrs. supervised release; $100 assessment; pay CACounsel fees ( Signed by Judge Lacy H. Thornburg ) () (siw) Modified on 10/10/2001 (Entered: 10/10/2001) |
| 10/10/2001 | 37 | Arrest WARRANT Returned Executed as to Kristie Elaine Ward on 10/1/01 (siw) Modified on 10/11/2001 (Entered: 10/10/2001) |
| 10/15/2001 | 38 | Rule 40 Documents as to Kristie Elaine Ward received from MD of Alabama, Montgomery (siw) Modified on 10/15/2001 (Entered: 10/15/2001) |
| 10/15/2001 | | **Reset last document number to 38 (siw) (Entered: 10/15/2001) |
| 11/06/2001 | 40 | Judgment Returned Executed as to Kristie Elaine Ward ; on 10/26/01, dft delivered to FMC Carswell, Ft. Worth, Tx. USMS#: 16698-058 (siw) (Entered: 11/06/2001) |
| 11/26/2001 | 43 | CJA 20 as to Kristie Elaine Ward Authorization to Pay Philip Roth, Jr. $ 1390.49 Voucher # 011105000047 ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 11/27/2001) |
| 12/11/2001 | | **Case closed as to all defendants: Michael Wayne Bills, Kristie Elaine Ward (siw) (Entered: 12/11/2001) |
| 07/03/2002 | | **Remove appeal flag - no further appeals pending (siw) (Entered: 07/05/2002) |
| 06/10/2005 | ●53 | ORDER as to Kristie Elaine Ward modifying supervision . Signed by Judge Lacy Thornburg on 6/8/05. (Wilson, Sharon) (Entered: 06/10/2005) |
| | | |

| 11/10/2005 | 54 | Probation Jurisdiction Transferred to MD of Alabama, Montgomery as to Kristie Elaine Ward Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Wilson, Sharon) (Entered: 11/14/2005) |